Merrimack
No. 2001-720

### PETITION OF DR. JEFFREY HAINES

Argued: May 16, 2002
Opinion Issued: September 25, 2002

*Upton & Hatfield,* of Concord (*Russell F. Hilliard* on the brief and orally), for the petitioner, Dr. Jeffrey Haines.

*Orr & Reno, P.A.,* of Concord (*Emily Gray Rice* and *Jeffrey C. Spear* on the brief, and *Ms. Rice* orally), for Dr. Robert M. Vidaver.

*John D. MacIntosh, P.C.,* of Concord, and *Gorby, Reeves, Peters & Burns, P.C.,* of Atlanta, Georgia (*Mr. MacIntosh & a.* on the brief, and *Michael S. Reeves* orally), for the plaintiffs.

NADEAU, J. The petitioner, Dr. Jeffrey Haines, seeks review of a decision of the Superior Court (*McGuire,* J.) compelling discovery of his medical records. We reverse and remand.

The record supports the following facts. James W. Doe (James) was involuntarily committed to New Hampshire Hospital (NHH) in 1997 after attempting to commit suicide. James, who suffers from both bi-polar and schizo-affective disorders, was assigned to the care of Dr. Haines, a psychiatrist who also suffers from bi-polar disorder. After approximately six months in the defendant's care, James was released to Lakes Region Mental Health Center, Inc. On October 1, 1997, James suffered serious injuries after jumping from the top level of a parking garage.

The plaintiffs, James J. and Joanne Doe, as the parents and legal guardians of James, brought suit against Dr. Haines, NHH, Dr. Robert Vidaver, and others. The plaintiffs allege, in pertinent part, various counts of negligence in the treatment and discharge of James, as well as claims of negligent supervision and retention by NHH and Dr. Vidaver, in his capacity as medical director of NHH. During the discovery phase of trial, the plaintiffs sought to compel disclosure of Dr. Haines' medical and

psychiatric records, notwithstanding the protections of RSA 329:26 (1995) (amended 2001) (confidential communications between patients and physicians) and RSA 330-A:32 (Supp. 2001) (privileged communications between patients and mental health practitioners and/or psychotherapists). Dr. Haines objected to the motion, which the trial court initially denied. Following the depositions of Dr. Haines and several other witnesses, the plaintiffs renewed their request to compel disclosure of Dr. Haines' records. The superior court granted the plaintiffs' motion, finding the requested materials were "essential" in the plaintiffs' efforts to pursue their claims. The trial court further found that Dr. Haines had waived any physician-patient privilege when: 1) he authorized NHH to consult with his physician as part of his application for continued employment; and 2) during his deposition, he advised plaintiffs' counsel that "his medical records would provide the best source of information for their questions." The superior court subsequently denied both Dr. Haines' motion for reconsideration and motion for an interlocutory appeal. Dr. Haines now seeks relief directly from this court.

Before this court, Dr. Haines argues, in pertinent part, that: 1) the superior court improperly invaded the statutory privileges of RSA 329:26 and 330-A:32 by compelling discovery of his medical records; and 2) he has not waived his statutory privileges.

Control over the breadth and scope of pre-trial discovery is left to the sound discretion of the trial judge. See *Phillips v. Verax Corp.*, 138 N.H. 240, 247 (1994). Therefore, a trial court order compelling pre-trial discovery will not be disturbed absent an unsustainable exercise of judicial discretion. See *State v. Lambert*, 147 N.H. 295, 296 (2001). Likewise, the determination of the relevance of evidence is a matter for the trial court's sound discretion, which we will not overturn absent an unsustainable exercise of discretion. See *State v. Graham*, 142 N.H. 357, 362 (1997); *Lambert*, 147 N.H. at 296. To show an unsustainable exercise of discretion, Dr. Haines must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. See *Graham*, 142 N.H. at 362; *Lambert*, 147 N.H. at 296. Evidence is relevant if it tends to make the existence of any fact consequential to the determination of the action more or less probable than it would be without admission of the evidence. See *Graham*, 142 N.H. at 362. Irrelevant evidence is inadmissible. See *id.*

■ For the trial court to abrogate Dr. Haines' statutory privileges and compel discovery of his medical records, it had to find that the records were "essential" to the plaintiffs' case. *State v. Elwell*, 132 N.H. 599, 605-06 (1989); *see also* SUPER. CT. R. 35(b)(2). This means that the records must not only be relevant, but also unavailable from any other source. *See*

*Elwell*, 132 N.H. at 605. All of the plaintiffs' claims against Dr. Haines, NHH, and Dr. Vidaver are, first and foremost, predicated upon Dr. Haines' treatment and discharge of James. Thus, for a jury to reach the question of whether Dr. Vidaver, in his capacity as medical director of NHH, negligently supervised and retained Dr. Haines, they must first determine that Dr. Haines was negligent in treating and discharging James.

In a medical negligence action, the plaintiff has the burden of proving: (1) the standard of reasonable professional practice in the medical care provider's profession or specialty; (2) the medical care provider failed to act in accordance with such standard; and (3) as a proximate result thereof, the injured person suffered injuries, which would not otherwise have occurred. RSA 507-E:2, I (1997); *Francoeur v. Piper*, 146 N.H. 525, 527 (2001). This statutory standard reflects the plaintiffs' burden at common law to produce sufficient evidence that Dr. Haines' negligence proximately caused the patient's injury. *See Bronson v. The Hitchcock Clinic*, 140 N.H. 798, 801 (1996). "Negligent conduct is a proximate or legal cause of harm, if the actor's conduct is a substantial factor in bringing about the harm." *Pillsbury-Flood v. Portsmouth Hospital*, 128 N.H. 299, 304 (1986) (quotations and brackets omitted).

A careful review of the plaintiffs' writ shows that Dr. Haines' private medical records are neither essential nor relevant to the plaintiffs' professional negligence claim. While the plaintiffs' writ alleges that the existence of Dr. Haines' mental condition prevented him from providing a competent level of care, the plaintiffs' pleadings demonstrate they have numerous non-privileged sources of information documenting his precise disorder, his dates of treatment, and his treating physicians. *See* SUPER. CT. R. 35(b)(2); *In re Kathleen M.*, 126 N.H. 379, 385-86 (1985). The plaintiffs have failed to show that the confidential records of individual treatments for Dr. Haines' disorder are likely to provide any further information about whether Dr. Haines' mental disorder prevented him from complying with the applicable standard of care. N.H. R. EV. 402. Nor are these records likely to lead to the discovery of evidence showing whether or not Dr. Haines complied with the applicable standard of care. *See* SUPER. CT. R. 35(b)(1). Further, because the plaintiffs' negligent supervision and retention claims against NHH and its employees are based upon Dr. Haines' actions, Dr. Haines' medical records also are neither essential nor relevant to these claims. As we noted above, in a professional negligence action the defendant's conduct is measured against an objective standard of reasonable professional practice. This measurement must be made through expert testimony as to the standard

of care and factual testimony as to Dr. Haines' breach of that standard. *See* RSA 507-E:2, I; *Francoeur v. Piper*, 146 N.H. at 527. Dr. Haines' medical treatment records do not aid in this inquiry, nor are they reasonably likely to lead to the discovery of evidence that would.

For these reasons, we find that Dr. Haines' mental condition is not relevant or essential to the plaintiffs' claims. Accordingly, the trial court engaged in an unsustainable exercise of judicial discretion when it compelled Dr. Haines to produce his medical and psychiatric records. *See Graham*, 142 N.H. at 362; *Lambert*, 147 N.H. at 296. Because we hold that Dr. Haines' medical and psychiatric records are not relevant, essential, or reasonably likely to lead to the discovery of admissible evidence to the plaintiffs' case, we do not address whether Dr. Haines ever waived his statutory privileges. *See Elwell*, 132 N.H. at 607.

*Reversed and remanded.*

DALIANIS and DUGGAN, JJ., concurred.