# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0063, <u>James Rogers v. Dartmouth Hitchcock Medical Center</u>, the court on December 9, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). The plaintiff, James Rogers, appeals the order of the Superior Court (<u>Ruoff</u>, J.) granting summary judgment to the defendant, Dartmouth Hitchcock Medical Center, after the plaintiff failed to properly disclose an expert witness in his medical negligence case. We affirm.

When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. <u>New London Hosp. Ass'n v. Town of Newport</u>, 174 N.H. 68, 71 (2021). If our review of the evidence does not reveal any genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the trial court's decision. <u>Id</u>.

Expert witness testimony is required to establish a <u>prima</u> <u>facie</u> medical negligence case. <u>Goudreault v. Kleeman</u>, 158 N.H. 236, 245 (2009). Prior to trial, the plaintiff must disclose an expert witness qualified to prove: (1) the standard of care; (2) a breach of the standard of care; and (3) damages as a proximate result of such breach. <u>Petition of Haines</u>, 148 N.H. 380, 382 (2002); RSA 507-E:2, I (2010); RSA 516:29-b (2021). Self-represented litigants are bound by the same procedural rules that govern parties represented by counsel. <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006).

The record shows that, on April 23, 2019, the self-represented plaintiff filed his medical negligence case against the defendant for injuries allegedly arising from post-operative care following abdominal surgery on April 25, 2016. The trial court, after initially setting an expert disclosure date of November 1, 2019, gave the plaintiff additional time to find an attorney and an expert to support his case before establishing an expert disclosure deadline of October 15, 2020. On October 15, 2020, the plaintiff provided the defendant with a September 18, 2020 letter from his attending physician stating that the plaintiff had described to him the post-operative care he received, and that he "believe[s] that [the plaintiff] has reasonable and meritorious cause to bring suit in this matter." The letter does not identify the standard of care, the breach of any standard of care, or the damages resulting from any such breach. See RSA 507-E:2, I.

The trial court granted the defendant's summary judgment motion based upon the plaintiff's failure to provide an adequate expert disclosure. On appeal, the plaintiff does not argue that the letter from his attending physician satisfied the expert disclosure requirements. Rather, he argues that the trial court erred in granting summary judgment because the defendant did not produce his complete medical records until December 7, 2020, after moving for summary judgment.

The plaintiff does not identify any specific records that he did not receive until after the defendant moved for summary judgment. Nor does he adequately explain why he was unable to provide an expert disclosure without the documents. The plaintiff does not dispute that, on April 14, 2020, the defendant provided him with his medical records from 1995 to 2017, a total of 1,572 pages, in electronic format. During a June 12, 2020 status conference, the plaintiff described his medical record as "probably three inches thick," and admitted that, as of that date, he had not reviewed the entire record. According to the defendant, the documents the plaintiff received on December 7, 2020, in response to a specific request from the plaintiff on December 2, 2020, were duplicates of documents he received in electronic format on April 14, 2020.

The trial court has broad discretion in managing the proceedings before it. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). We conclude that the trial court sustainably exercised its discretion in ruling that, under these circumstances, no further extension of the plaintiff's expert disclosure deadline was warranted. See id. The defendant is entitled to summary judgment because, without an expert, the plaintiff cannot meet his burden of proof at trial. See Smith v. HCA Health Servs. of N.H., 159 N.H. 158, 163 (2009) (entering summary judgment for defendant based upon plaintiff's lack of qualified medical testimony).

The plaintiff's remaining arguments are not preserved, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250-51 (2004), inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**