**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0405, <u>In the Matter of Nadine M. Goulet and Richard E. Goulet, Jr.</u>, the court on January 13, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The appellant, Richard Goulet, Jr. (father), appeals an order of the Circuit Court (<u>Lemire</u>, J.) denying his post-divorce motion to strike arrearage in his divorce from Nadine Mateychuk f/k/a Nadine Goulet (mother). He contends that the trial court erred by denying his motion on the grounds that it was an "untimely filed Motion for Reconsideration." We review the trial court's decision under our unsustainable exercise of discretion standard, <u>see</u> <u>Lutkus v. Lutkus</u>, 141 N.H. 552, 555 (1997) (addressing motion to strike default judgment), and will affirm if the record establishes an objective basis sufficient to sustain the court's discretionary judgment, <u>see</u> <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001).

The husband does not challenge the trial court's characterization of his motion to strike as an untimely motion to reconsider the trial court's prior 2014 order awarding the mother "additional arrearages," which order the husband concedes he failed to timely appeal. <u>See</u> <u>Fam. Div. R.</u> 1.31(A) (providing that, when party fails to file timely notice of appeal, "all appeals shall be deemed waived and final judgment shall be entered"). Instead, he argues that his failure to timely seek reconsideration of that order "should not necessarily be dispositive." The only explanation he offers for his failure to appeal is that he was self-represented. Self-represented litigants, however, are bound by the same procedural rules that govern parties represented by counsel. <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006).

The husband argues that public policy requires "some redress for orders entered in conflict with statute and case law, especially in cases where the particular order is a continuing one." That redress is an appeal. The husband argues that the trial court had the discretion to: (1) waive any of its rules "[a]s good cause appears and as justice may require," <u>Fam. Div. R. 1.2</u>; and (2) "use its authority to correct the error of its earlier decision." However, even though the trial court's arrearage order may well have been erroneous, <u>see</u> RSA 458-C:7, II (2004); RSA 461-A:14, VIII (2004), because the husband failed to appeal the 2014 order, that order became final and binding as to all issues raised and which could have been raised in that proceeding. <u>See</u> <u>In re C.M.</u>, 166 N.H. 764, 781 (2014). The husband does not develop his argument that the 2014 order was

"void <u>ab</u> <u>initio</u>," so we decline to address it.  <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

We conclude that the trial court sustainably exercised its discretion when it denied the father's motion to strike.  We decline to address the merits of the 2014 order.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**