NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Coos
No. 2014-0662


THE STATE OF NEW HAMPSHIRE

v.

PAUL BEDELL

Argued:  January 13, 2016
Opinion Issued:  May 27, 2016


Joseph A. Foster, attorney general (Colleen Laffin, attorney, and Stephen D. Fuller, senior assistant attorney general, on the brief, and Mr. Fuller orally), for the State.


Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.


BASSETT, J.  The defendant, Paul Bedell, appeals his convictions on two counts of aggravated felonious sexual assault.  See RSA 632-A:2, I(l) (2007). The defendant argues that the Superior Court (Bornstein, J.) erred when, on the second day of trial, it dismissed a juror after it erroneously concluded that the juror could no longer be impartial.  We affirm because we conclude that, although error, the juror's dismissal was not prejudicial because an impartial jury ultimately rendered the verdict in the defendant's case.

The record supports the following facts.  During jury selection for the defendant's trial, the trial court asked prospective jurors the following question: "Have you or a close family member ever been accused of [sexual assault]?"  The following exchange occurred between one of the prospective jurors and the trial court:

> [JUROR]:  You mentioned being directly connected with somebody that has been accused or convicted. . . . [M]y cousin's son [has] also been accused and is preparing to go to trial.  I don't know [if] it will affect or not.
>
> . . . .
>
> THE COURT:  So, would any of those experiences have any effect on your ability to be fair and impartial in deciding this case?
>
> [JUROR]:  No.  Each one is an individual and you got to go by the evidence.  I learned that a long time ago.
>
> THE COURT:  Okay.  So you can be fair and impartial and decide the case based solely on the evidence presented and the law as I instruct you on it?
>
> [JUROR]:  Uh-huh.
>
> THE COURT:  Yes?
>
> [JUROR]:  Yes.

The State then further questioned the juror:

> [STATE]:  Okay.  So the fact that this 10 year old [in your relative's case] made up a story about a sexual assault, wouldn't that color your views when listening to another child if they were to say that they were sexually assaulted by someone?
>
> [JUROR]:  Not necessarily.  It depends on how the child was raised, it depends on if the parents stress honesty with the child and all things.
>
> [STATE]:  But you're not going to hear necessarily how the child was raised.
>
> [JUROR]:  No, I'm not.  I'd have to go by the evidence presented.

2

[STATE]:  And -- but if the evidence presented is limited to just her testimony and the testimony of the other witnesses, wouldn't your experience with [your relative] color your view as to what constitutes a reasonable doubt versus --

[JUROR]:  I would have to take what was said at face value.  I would have to -- because I don't know the parties involved.

Having used all of its peremptory challenges, the State asked the trial court to dismiss the juror for cause, arguing that her ability to "fairly and accurately judge this case" was "too close for comfort."  The trial court asked the juror if she "would still be able to evaluate the credibility of the alleged victim and every witness based on the factors" in the present case; the juror responded, "Yes."  The trial court found the juror qualified to sit on the jury, and declined to dismiss her for cause.

During a subsequent pre-trial evidentiary hearing, the State again asked that the juror be struck for cause because the State had learned that the attorney representing the juror's relative worked in the same public defender's office as the defendant's attorney.  The trial court denied the State's request, noting that the juror "was quite firm in her expressions that she could be fair and impartial and indifferent," and observing that, because the juror "wasn't aware . . . and ha[d] no reason to be aware of" the professional relationship between the attorneys, the juror's connection to the defendant's counsel was "attenuated."

On the second day of trial, the State again asked to dismiss the juror for cause, arguing that, during her opening statement, defense counsel made a "direct appeal to [the juror's] prior experience with her [relative]."  Defense counsel had stated:

> This is the kind of charge that brings all kinds to mind. People on the jury want to sometimes put in their own meanings, thoughts, bring their own background, fetishes, or passion about the very nature of this kind of charge.  But when everything is said and done, again, this case will have done something very simple. This case is about a little girl who wanted attention and boy did she get it.
>
> We all know, we've all met, we've had first-hand information of people who make things up for reasons that aren't all together clear.

Defense counsel explained that she had merely provided a "general layout of the case," denying that her remarks were directed specifically to the juror.

3

The trial court granted the State's request to remove the juror for cause, observing that although it had found the juror impartial at the time of jury selection, defense counsel's opening statement was an appeal to the juror's personal experiences with her relative. The trial court explained:

> [I]n the circumstances presented, I am now finding that [the juror] can no longer be fair, impartial, and unbiased; that is, that she can no longer be indifferent as it relates to this particular case where certainly, according to the Defense's opening, and the evidence introduced thus far at trial on cross-examination of the State's witnesses, one of the, perhaps, an important part of the Defendant's defense is that [the victim], for whatever reason, is making this stuff up.

After a three-day trial, the jury convicted the defendant on two counts of aggravated felonious sexual assault. This appeal followed.

The defendant argues that the trial court erred when it dismissed the juror for cause after the jury had been sworn and the trial had begun. He asserts that because the trial court found the juror's affirmations that she could remain impartial credible, and because there is no evidence that the juror's impartiality was impacted by subsequent events, the juror remained qualified to serve and should not have been removed. The State counters that the trial court's dismissal of the juror was proper given the "cumulative effect . . . of all of the potential factors that weighed against [the juror's] impartiality," including defense counsel's opening statement and the professional connection between the attorney for the juror's relative and the defendant's attorney. Moreover, the State argues that, even if the dismissal was error, it does not warrant reversal because an impartial jury rendered the verdict, and, therefore, the defendant cannot show that he was prejudiced.

"It is a fundamental precept of our system of justice that a defendant has the right to be tried by a fair and impartial jury." State v. Addison, 161 N.H. 300, 303 (2010) (quotation omitted). Generally, a juror is presumed to be impartial. Id. To be found impartial, a juror "need not come into the trial with no information or impression of the nature of the case. It is sufficient if the juror can lay aside her impression or opinion and render a verdict based on the evidence presented in court." State v. Weir, 138 N.H. 671, 676 (1994) (quotation and brackets omitted). When a juror's impartiality is questioned, the trial court has a duty to determine whether the juror is indifferent. Addison, 161 N.H. at 303. "It is well settled that whether a prospective juror is free from prejudice is a determination to be made in the first instance by the trial court on voir dire." Id. "The manner in which voir dire is conducted is wholly within the sound discretion of the trial court." Id. (quotation and brackets omitted). "If it appears that any juror is not indifferent, the juror shall be set aside on that trial." Id. (quotation and brackets omitted).

4

"The trial court's determination of the impartiality of the jurors selected is essentially a question of demeanor and credibility and, thus, is entitled to special deference." State v. Tabaldi, 165 N.H. 306, 312-13 (2013). "We will not disturb the trial court's ruling absent an unsustainable exercise of discretion or a finding that the trial judge's decision was against the weight of the evidence." Id. at 313 (quotation omitted). When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. State v. Lambert, 147 N.H. 295, 296 (2001). "To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." State v. Perri, 164 N.H. 400, 408 (2012).

We first address whether the trial court erred when it dismissed the juror for cause mid-trial. We conclude that the record does not establish an objective basis sufficient to sustain the trial court's finding. First, during jury selection, the juror repeatedly stated that she could remain impartial, and there is nothing in the record to suggest that the trial court doubted the veracity of her repeated affirmations. See Tabaldi, 165 N.H. at 313 (upholding trial court's determination that juror was impartial after juror "affirmatively . . . sa[id] that she would not try [the] case on the basis of [the defendant's] reputation or his past" (quotations and brackets omitted)). Moreover, the record does not show that the professional connection between the attorney for the juror's relative and the defendant's attorney affected the juror's ability to be impartial. Cf. State v. White, 105 N.H. 159, 161 (1963) (concluding that trial court did not err when it dismissed a juror who "at one time had employed one of the defendant's attorneys" and was a "steady client" of an associate of that attorney). To the contrary, as the trial court observed, the juror "wasn't aware . . . and ha[d] no reason to be aware of" the professional relationship between the attorneys, and, thus, any connection she might have had to the defendant's counsel was "attenuated."

Additionally, the record does not support the trial court's finding that defense counsel's comment during her opening statement — that "[w]e all know . . . people who make things up" — affected the juror's ability to remain impartial. During her opening statement, defense counsel merely advanced a common theory of defense — that the alleged victim is lying. This statement falls well within the bounds of proper advocacy. See 2A McNamara, New Hampshire Practice: Criminal Practice and Procedure § 32.11, at 10 (2010) (opening statements allow "counsel to explain the defendant's theory of the case to the jury"); State v. Morais, 819 A.2d 424, 429 (N.J. Super. Ct. App. Div. 2003) (observing that prosecutor "appropriately called upon all jurors to draw from their personal experiences and common sense"). We note that the trial court did not question the juror to determine whether counsel's statement affected her impartiality, nor does the record show that there was an objective basis sufficient to sustain the trial court's determination that, "in the

circumstances presented," the juror could "no longer be fair, impartial, and unbiased." Cf. Tabaldi, 165 N.H. at 313 (upholding trial court's determination that juror was impartial because record showed that trial court asked juror "a number of questions," including whether she could "affirmatively . . . say" that she could be impartial (quotation omitted)). Accordingly, we hold that the trial court erred when it dismissed the juror for cause.

We now turn to whether the trial court's erroneous dismissal of the juror requires reversal of the defendant's convictions. The defendant argues that we must reverse because the trial court, through error, allowed the State's "meritless mid-trial cause challenge" to improperly "shape the jury's composition." Citing our decision in State v. Sullivan, 157 N.H. 124 (2008), the defendant asserts that the erroneous mid-trial dismissal of a juror in and of itself — without regard to its impact on the impartiality of the jury that ultimately rendered the verdict — requires reversal. The State counters that even if the trial court erred when it dismissed the juror, an impartial jury decided the defendant's case, and, therefore, reversal is not required because there was no prejudice. We agree with the State.

The defendant's reliance on Sullivan is misplaced. In that case, the trial judge dismissed a juror after deliberations had begun "as a result of [the] cumulative effect" of the juror's behavior, including the juror's refusal to follow the court's instructions. Sullivan, 157 N.H. at 136-37, 140 (quotation omitted). On appeal, we held that the trial court erred when it dismissed the juror because the juror's inability "to carefully consider the evidence presented at trial, and to deliver a fair and true verdict on the charges against the defendant in accordance with the law outlined by the trial court" did not "appear in the record as a demonstrable reality." Id. at 137 (quotation omitted), 139-40. We reversed the defendant's convictions, explaining that "the non-meritorious discharge of a deliberating juror is a violation of a fundamental constitutional right" because "the defendant had a vested interest in [a properly impaneled juror's] continued participation in deliberations that should not have been disturbed." Id. at 141 (emphases added).

Here, the trial court dismissed the juror on the second day of trial, rather than during deliberations. Thus, Sullivan is distinguishable because, here, the removal of the juror did not disrupt deliberations. See id. at 137-41 Indeed, the defendant "does not argue that the jury that did sit on his case was not impartial." State v. Addison (Capital Murder), 165 N.H. 381, 449 (2013). "Accordingly, [his] right of trial by an impartial jury is not implicated in this case." Id. (quotation omitted). Rather, as the State correctly observes, the defendant has shown only that "the effect of the trial court's ruling" was "to diminish the jury panel from fourteen impartial jurors to thirteen, and the number of alternate jurors from two to one." Therefore, the defendant has failed to meet his burden of demonstrating prejudice. See id. (observing that,

generally, a criminal defendant alleging juror bias bears the burden to demonstrate actual prejudice).

Thus, because the defendant has not demonstrated — or even argued — that the jury that convicted him was not impartial, we conclude that reversal is not warranted.  See Perri, 164 N.H. at 408.  Any issue raised in the defendant's notice of appeal that he has not briefed is deemed waived.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.