**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0197, <u>State of New Hampshire v. Alphonse Toto</u>, the court on May 8, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Alphonse Toto, appeals his conviction, following a jury trial in Superior Court (<u>Schulman</u>, J.), on charges of aggravated felonious sexual assault, occurring between 1981 and 1985. <u>See</u> RSA 632-A:2 (1986) (amended 1986, 1992, 1994, 1995, 1997, 1998, 1999, 2003, 2008, 2012, 2014, 2017, 2018). He contends that: (1) the trial court erred when it dismissed a juror for cause during the <u>voir</u> <u>dire</u> process; and (2) as a result of that alleged error, the jury that convicted him was not impartial.

A fundamental precept of our system of justice is that a defendant has the right to be tried by a fair and impartial jury. <u>State v. Bedell</u>, 169 N.H. 62, 65 (2016). If it appears that any juror is not indifferent, the juror shall be dismissed. RSA 500-A:12, II (2010). To be found impartial, a juror need not come into the trial with no information or impression of the nature of the case. <u>Bedell</u>, 169 N.H. at 65. The question of impartiality is determined by whether the juror's views would prevent or substantially impair the performance of the juror's duties. <u>State v. Addison (Capital Murder)</u>, 165 N.H. 381, 447 (2013). To be entitled to reversal of his conviction, the defendant must further show that, as a result of the juror's improper dismissal, the jury that convicted him was not impartial. <u>Bedell</u>, 169 N.H. at 68.

The trial court's determination of the impartiality of the jurors selected is essentially a question of demeanor and credibility. <u>Id</u>. at 66. The trial court's decision "'is ordinarily influenced by a host of factors impossible to capture fully in the record—among them, the prospective juror's inflection, sincerity, demeanor, candor, body language, and apprehension of duty.'" <u>Addison</u>, 165 N.H. at 447 (quoting <u>Skilling v. United States</u>, 561 U.S. 358, 386 (2010)). For these reasons, the trial court's determination is entitled to "special deference." <u>Bedell</u>, 169 N.H. at 66.

We will not disturb the trial court's ruling absent an unsustainable exercise of discretion or a finding that the ruling was against the weight of the evidence. <u>Id</u>. When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are deciding whether the record

establishes an objective basis sufficient to sustain the court's discretionary judgment. Id. To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id. A trial court's finding that a juror is not impartial may be overturned only when it amounts to manifest error. See Addison, 165 N.H. at 447.

In this case, the victim said that she had been sexually assaulted as a child, but had not disclosed the events to police until she was an adult. The defense claimed, in part, that she had confused the defendant with her actual abuser. The trial court determined, based upon its examination of the juror in question, that her opinion regarding delayed disclosures of sexual abuse would likely impair her ability to be impartial. See id.

During voir dire, the juror volunteered that she harbored "really . . . strong opinions on sexual cases that come about, like, 4 years later or 35 years later." The juror added that she "question[ed] why [the victim is] 40 years old, why when she was 6, did it take 35 years to come about." Although the juror denied that the delayed disclosure "ended" the case in her mind and agreed that she could listen to the evidence with an open mind, she stated that the delayed disclosure caused her to enter her role as a juror with a "[q]uestioning manner." She concluded by stating that, "I think with everything going on lately with all these – on the news all these sexual harassments and 20, 25, 30 years later, people are coming forward, I'm like –."

The trial judge questioned the juror, allowed the parties an opportunity to question her and to give their opinions, and then questioned the juror further. On the record, the judge articulated his reasoning, expressing concern that the juror was "cynical" about delayed disclosures and might experience "an almost involuntary closing of the mind." Cf. Bedell, 169 N.H. at 67 (stating that judge did not question juror to determine her impartiality and that record did not show objective basis sufficient to sustain trial court's determination that juror could no longer be impartial). The judge characterized the decision as "a close call."

The defendant emphasizes the trial court's comment that any juror was going to question the reason for the victim's lengthy delayed disclosure. Whether the juror should be disqualified rested not on whether she questioned the delayed disclosure, but on whether she held an opinion regarding delayed disclosures that might interfere with her ability to view the evidence impartially.

The defendant points to instances during the court's examination of the juror when the juror indicated that she could consider the evidence impartially. See State v. Tabaldi, 165 N.H. 306, 313 (2013) (affirming trial court's decision not to dismiss juror who said she would not try the case based upon her

opinion of felons).  However, the transcript does not reflect the affect or demeanor of the witness.  See Addison, 165 N.H. at 447.  Furthermore, we note that four of the juror's responses to the trial court are identified in the transcript as "indiscernible."

The trial court observed that, "if we had a longer time to ask better questions, we'd find out more."  The defendant faults the court for not asking the juror additional questions.  However, the trial court spent sufficient time examining the juror to conclude that she was not impartial.  Its statement could reasonably be understood as referring to the likelihood that, given more time, the juror would have exposed her bias in more detail.

On this record, we conclude that the defendant failed to establish that the trial court's decision to dismiss the juror for cause was unreasonable or untenable.  See Bedell, 169 N.H. at 66.  Accordingly, we need not address the defendant's argument that, in light of the dismissal, the jury necessarily lacked impartiality.  See id. at 68.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**