Rockingham
No. 2000-599

THE STATE OF NEW HAMPSHIRE

v.

KEVIN LAMBERT

December 17, 2001

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief), for the State.

*Carl D. Olson*, assistant appellate defender, of Littleton, by brief, for the defendant.

NADEAU, J. The defendant, Kevin Lambert, was convicted by a jury of four counts of felonious sexual assault. *See* RSA 632-A:3, II (Supp. 2000). The Superior Court (*Abramson*, J.) sentenced him to a combined term of five to ten years in prison, and a consecutive term of three and one-half to seven years, suspended. On appeal, the defendant argues that the trial court erroneously considered unsubstantiated allegations of other crimes when sentencing him. We affirm.

Although a sentencing judge has broad discretion to choose the sources and types of evidence upon which to rely in imposing sentence,

that discretion is not unlimited. *See State v. Kimball*, 140 N.H. 150, 151 (1995). "We have held that judges in sentencing should not rely upon allegations of other 'crimes by the defendant when such allegations are unsubstantiated, resolved by acquittals, or the product of speculation." *State v. Tufts*, 136 N.H. 517, 519 (1992) (quotation omitted). "If improper evidence is admitted at sentencing, the sentence imposed must be reconsidered unless the trial court clearly gave that evidence no weight." *Kimball*, 140 N.H. at 151.

We review a trial judge's sentencing decision under an "abuse of discretion" standard. *Id.* Unfortunately, appellate review based upon an "abuse of discretion" standard may be misunderstood by those not familiar with the concept of judicial discretion as misconduct by the trial judge. When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. *Cf. Bianco, P.A. v. Home Ins. Co.*, 147 N.H. 249, 251 (2001).

Because the "abuse of discretion" standard may carry an inaccurate connotation, we will hereafter refer to it as the "unsustainable exercise of discretion" standard. To show that the trial court's decision is not sustainable, "the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." *State v. Johnson*, 145 N.H. 647, 648 (2000) (quotation omitted).

■ At the sentencing hearing, the State offered an exhibit showing that during a search of the defendant's apartment, the police obtained "bags of marijuana, grow bulbs [and] plastic bags." The State argued that these items showed that the defendant "was well into using marijuana" and that this "lifestyle" led him to take advantage of the victim. This exhibit was not mentioned in the Presentence Investigation Report.

The record shows that the trial court gave no weight to this exhibit, however. The court stated that it reached its sentencing decision based upon "the nature and facts of the charges, the arguments of the State, the permissible material in the Presentence Investigation Report, the input of the victim, the arguments of defense counsel, the testimony of the witnesses, and . . . the entire file." The court observed that the defendant was a thirty-five-year-old man who had used a wrong telephone number ruse to contact a fourteen-year-old girl and that, after sexually assaulting the girl, he used the same ruse to contact the girl's mother and have sexual relations with her. "Based on this," the court described the defendant as a "predator." The court then stated that it "[d]id not even have to glance" at the exhibit to find the State's recommended sentence appropriate.

Because the judge gave no weight to the exhibit, we reject the defendant's argument that the judge impermissibly considered unsubstantiated allegations of other crimes when sentencing him.

All issues raised by the defendant in his notice of appeal, but not briefed, are deemed waived. *State v. Mountjoy*, 142 N.H. 642, 652 (1998).

*Affirmed.*

BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred.