Hillsborough–northern judicial district
No. 2002-664

IN THE MATTER OF LISA A. HOLMES AND RALPH F. HOLMES

Submitted: September 11, 2003
Opinion Issued: October 2, 2003

*Lisa Holmes,* by brief, *pro se.*

*Ralph F. Holmes,* by brief, *pro se.*

DUGGAN, J. The petitioner, Lisa A. Holmes, appeals the ruling of the Superior Court (*Lynn,* J.) prohibiting Theodore Kamasinski from sitting at counsel table during the trial of her divorce from the respondent, Ralph F. Holmes. We affirm.

The petitioner filed for divorce in May 2000. In September 2001, Mr. Kamasinski, a lay person not licensed to practice law in this State, entered an appearance for the petitioner and filed a power of attorney in which the petitioner appointed him to act as her attorney in fact in this case. *See* RSA 311:1 (Supp. 2002). The respondent objected and the court held a hearing on the matter, at which Mr. Kamasinski moved to recuse Judge Lynn. Judge Lynn denied the motion to recuse and further disallowed Mr. Kamasinski from representing the petitioner at trial. Judge Lynn concluded that Mr. Kamasinski was engaged in the unauthorized practice of law and that his appearance in the case would violate RSA 311:7 (1995), which provides: "No person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and taken the oath prescribed in RSA 311:6." We summarily affirmed both the court's ruling on the motion to recuse and its ruling prohibiting Mr. Kamasinski from representing the petitioner. Because we did not accept the plaintiff's challenges to these rulings for appellate review, we do not address the parties' arguments regarding them.

The petitioner obtained trial counsel, who requested that Mr. Kamasinski be permitted to sit at counsel table during trial. The court denied the request:

> THE COURT: Mr. Kamasinski is more than welcome to sit in this courtroom. It's a public courtroom, it's open to the public. . . . I have no objection if you desire — I'm not barring you from speaking with Mr. Kamasinski or him from speaking with you, as long as it doesn't become disruptive. . . . [I]f from time to time you desire to ask Mr. Kamasinski a question, talk with him, he wants to make some remark to you, I'm not going to bar that.
>
> . . . .
>
> MR. WIBERG: Judge, let me just make sure it's on the record, you've indicated that I could have any paralegal here at the table except Mr. Kamasinski?
>
> THE COURT: That's correct.

On appeal, the petitioner contends that the court's decision not to allow Mr. Kamasinski to sit at counsel table was an unsustainable exercise of discretion. *Cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). We disagree.

█ It is beyond dispute that the judiciary has the power to control its courtrooms. *State v. LaFrance*, 124 N.H. 171, 179 (1983). "The power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court is a power absolutely necessary for a court to function effectively and do its job of administering justice." *Id.* at 179-80. We find no error in the court's decision to prohibit Mr. Kamasinski from sitting at counsel table, particularly in light of its prior ruling that he was engaged in the unauthorized practice of law. We hold that the court could reasonably have concluded that to permit Mr. Kamasinski to sit at counsel table could have given the appearance of sanctioning the unauthorized practice of law. *See Bilodeau v. Antal*, 123 N.H. 39, 45 (1983).

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred.