Rockingham
No. 2010-478

PETITION OF STUART DEDOPOULOS

Submitted: June 16, 2011
Opinion Issued: July 21, 2011

*Michael A. Delaney*, attorney general, for the State, filed no brief.

*Getman, Schulthess & Steere, P.A.*, of Bedford (*Andrew R. Schulman* on the brief), for the petitioner, Stuart Dedopoulos.

*Simpson & Mulligan, P.L.L.C.*, of Lebanon (*Gary Apfel* on the brief), for the New Hampshire Association of Criminal Defense Lawyers, as *amicus curiae*.

CONBOY, J. The petitioner, Attorney Stuart Dedopoulos, challenges an order of the Superior Court (*Nadeau,* J.) fining him $100 for failing to appear for a pretrial conference. We reverse.

The following facts are undisputed. Amanda Wolfe was convicted of a misdemeanor in Portsmouth District Court. She appealed for a *de novo* jury trial in Rockingham County Superior Court and retained Attorney Dedopoulos to represent her.

Dedopoulos also represented Robert Yeaton in an unrelated felony case in Strafford County Superior Court. Both the *Wolfe* and *Yeaton* cases were scheduled for final pretrial conferences on the morning of June 10, 2010,

and to begin jury selection on June 21, 2010. The prosecutor in *Yeaton* moved to continue the trial in that case. Dedopoulos filed an objection, but the motion was not ruled on until the day of the pretrial conference. On June 1, 2010, Dedopoulos moved to continue the pretrial conference and jury selection dates in the *Wolfe* case. He cited his scheduling conflict with the *Yeaton* case, and the fact that Wolfe had moved to Florida and was finding it difficult to make travel arrangements to return to New Hampshire in time for the trial date.

On June 7, Dedopoulos called the Rockingham County Superior Court clerk's office to inquire about the status of his motion. He was told that no one from the criminal department was available to assist him, so he left a voicemail message requesting a return telephone call. He did not receive a return call. On June 9, the day before the scheduled pretrial conference in *Wolfe*, Dedopoulos again called the clerk's office at 1:04 p.m. The call was answered by a recording saying that the clerk's office had closed at noon due to the state budget crisis.

Dedopoulos then conferred with Assistant County Attorney William Pate, who represented the State of New Hampshire in the *Wolfe* case. Pate agreed that when he appeared at the pretrial in *Wolfe*, he would inform the judge of Dedopoulos's situation. He also said that the State would not object to the motion to continue the trial, but would not assent to it until Dedopoulos confirmed that the *Yeaton* trial would take place as originally scheduled. Dedopoulos told Pate that he was available to meet with the court on June 11, the day after the scheduled pretrial conference.

On June 10, Dedopoulos attended the pretrial conference in *Yeaton* in Strafford County Superior Court. At that conference, the prosecutor withdrew her motion to continue, and the trial schedule remained unchanged, with jury selection to commence on June 21.

Pate appeared at the pretrial conference in *Wolfe*. He explained to the court that Dedopoulos was appearing in Strafford County Superior Court on a contested motion to continue the *Yeaton* trial. He also advised the court that the State would assent to a continuance of the *Wolfe* trial if the *Yeaton* trial proceeded as scheduled. The court denied the motion to continue and fined Dedopoulos $100 "for failing to appear without ruling on the motion."

Dedopoulos filed a motion to reconsider, in which he detailed his attempts to contact the court. He argued that he made a good faith effort to obtain a ruling on the motion to continue, that he could not be in both courts at once, and that it was unfair to fine him for not being at a conference he had indicated he could not attend when the court did not rule

on the motion to continue the conference until the time of the conference. In response, the trial court continued the trial, but declined to vacate the fine.

On appeal, Dedopoulos argues that the trial court's imposition of a punitive monetary sanction on him was error. We review the trial court's order for an unsustainable exercise of discretion. *See Lamarche v. McCarthy*, 158 N.H. 197, 205 (2008) (imposition of sanctions is a matter largely left to the discretion of the trial court).

In *State v. Saucier*, we held that a trial court's denial of a motion to continue jury selection did not deny the defendant due process of law and effective assistance of counsel and was not an unsustainable exercise of discretion. *State v. Saucier*, 128 N.H. 291, 295-96 (1986); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). In that case, the defendant's attorney, a public defender, was trying a jury case in another county on the Monday jury selection was scheduled to begin. *Saucier*, 128 N.H. at 294. On the Friday immediately before the start of jury selection, the trial judge ordered the public defender's office to assign other counsel to conduct jury selection. *Id.* A second public defender was notified, but was unable to prepare over the weekend. *Id.* On Monday, a representative from the public defender's office appeared and objected to proceeding with jury selection under such circumstances. *Id.*

In upholding the trial court's decision, we noted the following facts: (1) the trial court had found that a delay in jury selection would throw the court calendar into "disarray"; (2) the public defender's office had two and one-half days to secure another attorney to prepare for jury selection; (3) jury selection is a limited procedure; and (4) the case was not complex. *Id.* at 295-96. In conclusion, we stated, "Although we uphold the trial court's denial of a continuance in this case, we also admonish the justices of the trial courts that in the future, when they are exercising their sound discretion in deciding whether to grant requested continuances, they should make every effort to accommodate the reasonable scheduling requests of attorneys." *Id.* at 296.

In this case, Dedopoulos was scheduled to appear for a pretrial conference in another court at the same time, and the outcome of that conference bore directly on the scheduling of the *Wolfe* case. Dedopoulos filed a motion to continue, informing the court of the conflict, conferred with opposing counsel, and indicated that he would be available to appear in court to discuss the *Wolfe* case on June 11. Opposing counsel promised to inform the judge of the situation. Dedopoulos made timely and diligent efforts to ascertain the status of his motion to continue, and nothing in the record suggests any negligence on his part. Further, as noted by the *amicus* brief

in this case, while scheduling conflicts are an inherent part of criminal defense practice, the filing of "motions based on contingent scheduling conflicts filed far in advance of hearing[s] [is] discouraged by most trial courts, as the burden of processing these motions would otherwise be unwieldy and conflicts oftentimes dissipate before the time of hearing."

Nonetheless, we need not decide whether the trial court erred by denying the motion to continue the pretrial conference as that issue is not before us. However, we conclude that, under the circumstances of this case, the imposition of a fine upon Attorney Dedopoulos constituted an unsustainable exercise of discretion.

*Reversed.*

DALIANIS, C.J., and DUGGAN, HICKS and LYNN, JJ., concurred.