Strafford
No. 2011-801

THE STATE OF NEW HAMPSHIRE

v.

DANIEL MATTON

Argued: November 28, 2012
Opinion Issued: May 14, 2013

36

*Michael A. Delaney*, attorney general (*Stephen G. LaBonte*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. After a jury trial, the defendant, Daniel Matton, was found guilty on two charges: assault by a prisoner as a class A felony and assault by a prisoner as a class B felony. *See* RSA 642:9, IV (Supp. 2012). On appeal, he argues that the Trial Court (*Wageling*, J.) erred when it refused to give: (1) a mutual combat instruction on the class B felony charge; and (2) a "special" jury instruction that the prior convictions of several of the State's witnesses were relevant to their credibility. We affirm.

The jury could have found the following facts. At the time of the incident giving rise to the charges, Matton was incarcerated at the Strafford County House of Corrections. His cell mate was Michael Horrigan. On May 31, 2009, Horrigan was playing cards with two other inmates, Cullen and Chase, when Matton approached Horrigan and accused him of damaging his personal property. Horrigan and Matton argued as they proceeded back to their cell. The argument became louder. Matton punched Horrigan in the jaw. Horrigan fell, and hit his head against a steel table as he fell. Horrigan was subsequently transported to the Wentworth-Douglass Hospital, where he was diagnosed as suffering from a fractured jaw, a right temporal bone fracture, bilateral subdural hematomas and bleeding within the temporal horns of the brain and within the left frontal area of the brain.

The defendant was indicted on one count of assault by a prisoner, charged as a class A felony, and one count of assault by a prisoner, charged as a class B felony. Three of the witnesses who testified at trial for the State had been inmates at the Strafford County House of Corrections at the time of the assault. The trial court denied defense counsel's requests for: (1) a mutual combat jury instruction; and (2) an instruction that advised the jury that the prior felony convictions of the inmate witnesses could be considered to assess their credibility. The jury found the defendant guilty on both charges and this appeal followed.

 Whether to give a requested jury instruction, and the scope and wording of an instruction, is within the sound discretion of the trial court; we review its decision on these issues to determine whether it is sustainable. *State v. Davidson*, 163 N.H. 462, 472 (2012). The purpose of the trial court's charge is to explain to the jury, in clear and intelligible language, the rules of law applicable to the case. *Id.* When reviewing a charge, we evaluate allegations of error by interpreting the disputed instructions in their entirety, as a reasonable juror would have understood them and in light of all the evidence in the case. *Id.* We determine whether the instructions adequately and accurately explained each element of the offense and reverse only if the instructions did not fairly cover the issues of law in the case. *Id.*

The defendant first argues that he was entitled to a mutual combat instruction. Although we have not been provided with a copy of the indictments, the record reflects that the State indicted the defendant on two charges. *See* RSA 642:9, IV. The first charge alleged that he caused serious bodily injury to the victim; the second alleged that he caused bodily injury to the victim. Given the defendant's status as a prisoner, the offense is classified as a class A felony if the State proves that the defendant committed a "first degree or second degree assault as defined under RSA

631:1 or RSA 631:2." RSA 642:9, IV. The offense is a class B felony if it is "simple assault as defined under RSA 631:2-a unless [it is] committed in a fight entered into by mutual consent, in which case it is a misdemeanor." *Id.*

■ The defendant was entitled to the requested mutual combat jury instruction only if there was some evidence to support a rational finding in favor of that defense. *State v. Soto*, 162 N.H. 708, 713 (2011). "Some evidence" means more than a minutia or scintilla of evidence. *Id.* We review the record in light of the defendant's assertion that the evidence supports his requested jury instruction. *Id.* Absent an unsustainable exercise of discretion, we will affirm the denial of a requested jury instruction. *Id.*

The defendant argues that he presented sufficient evidence of a fight entered into by mutual consent. He cites evidence that the victim: (1) made a derogatory comment about the defendant's girlfriend in front of other inmates; (2) agreed to follow the defendant back to an area near their cell; (3) faced the defendant; (4) "stood within an [arm's] length of him"; and (5) "argued loudly back and forth with him."

■ Even if we assume that the defendant presented sufficient evidence to support a mutual combat instruction on the class B felony charge, we conclude that he has failed to establish that he was prejudiced by the court's failure to give the instruction. The trial court sentenced the defendant on only the class A felony. A mutual combat instruction is relevant only to the class B felony charge and the defendant did not receive a sentence for that offense. *See State v. Lambert*, 147 N.H. 295, 296 (2001) (to establish that trial court ruling is not sustainable, defendant must demonstrate that the ruling was clearly untenable or unreasonable to the prejudice of his case). In reaching this conclusion, we have considered and rejected the defendant's argument that if we were to find error, he would be entitled to a retrial on the class B felony charge because if acquitted, he might receive a lesser sentence on his class A conviction. We note that the trial court stated at the sentencing hearing: "I, after some brief discussion with counsel, indicated that it was my sense . . . that one of these charges ends up being subsumed into the other, that is the Class B felony subsumed into the Class A felony. . . . [S]ince both injuries were the result of the same one hit and both parties agree to that, I feel that in terms of sentencing, I will not sentence him separately on each of these offenses. I believe that the double jeopardy provisions either federally or through the state's analysis would restrict me from doing that." Thus, the trial court apparently viewed the charged offenses as alternative charges. Having reviewed the record before us, including the trial court's remarks at the sentencing hearing, we conclude that the defendant has failed to establish that the trial court's denial of a mutual combat instruction on the class B felony charge

prejudiced his case, and therefore he has failed to establish an unsustainable exercise of the court's discretion. *See id.*

The defendant also argues that the trial court erred "when it refused to give a special jury instruction that [the inmate] witnesses' prior convictions were relevant to their credibility." In considering this claim of error, we review the instructions in their entirety. *See Davidson*, 163 N.H. at 472.

At trial, the State presented testimony from three inmates, Cullen, Chase, and Lewis. Cullen testified about a prior conviction and that there were charges pending against him for burglary and drug possession at the time of the investigation in this case. He also admitted that he had asked for favorable treatment on the pending charges in exchange for his testimony. Chase and Lewis also testified about their prior convictions.

The defendant concedes that the witnesses were impeached with their convictions pursuant to New Hampshire Rule of Evidence 609(a). He argues, however, that the trial court erred in failing to specifically instruct the jury that it could consider the witnesses' prior convictions to assess their credibility. He contends that the court's failure to give a general witness credibility instruction in its final charge required the requested specific instruction so that the jury would understand how to evaluate the witness conviction evidence.

Although the trial court did not give an instruction specific to the use of prior convictions to assess the credibility of the State's witnesses, the court gave the following general credibility instructions at the beginning of the trial.

> In deciding whether the State has proven the charge against the Defendant beyond a reasonable doubt, you must consider the credibility of the witnesses; that is, it's up to you to decide whom to believe.
>
> If there's any conflict between the witnesses, then you must resolve the conflict and decide what the truth is. Simply because a witness has taken an oath to tell the truth does not mean that you have to accept the testimony as true. In deciding which witness to believe, you should use your common sense and judgment.
>
> I suggest you consider a number of factors: Whether the witness appeared to be candid; whether the witness appeared worthy of belief; the appearance and the demeanor of the witness while testifying; whether the witness has an interest in the outcome of the case; whether the witness has any reason for not telling the truth; whether what the witness said seemed reason-able or probable; whether what the witness said seemed unrea-

sonable or inconsistent with the other evidence in this case, or with that witness's prior statement; whether the witness had any friendship or animosity towards other people in the case.

In deciding which witnesses to believe and how much of their testimony to believe, you should consider both the direct and the circumstantial — I'm sorry, the direct and the cross-examination of the witness. You should consider these factors in deciding the credibility of all witnesses, whether or not they happen to be ordinary citizens or police officers.

In short, you should consider the testimony of each witness and give it the weight you think it deserves. You can accept all of what a witness has to say; you can reject all of what a witness has to say; or you can accept some of it and you can reject some of it. It's entirely up to you.

At the close of trial, the trial court did not repeat these general instructions. It did, however, give the following instructions:

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. You have heard the testimony of an informant. An informant is someone who provides information or evidence against someone else in return for some consideration, such as an agreement by the State to reduce or drop charges against the informant or otherwise provide the informant with a more favorable disposition of the informant's own difficulties with law than would otherwise be the case.

Under the law, the State has the right to use informants as witnesses. The testimony of such a person may be received in evidence, considered by you and given such weight as you the jurors feel it deserves. The testimony of an informant may be enough for itself — in itself for a conviction if you find that it establishes the Defendant's guilt beyond a reasonable doubt. However, it is also true that the testimony of an informant must be scrutinized by you with great care and caution in deciding what if any weight it should be given. In particular, you must consider whether the testimony of an informant has been affected by the agreement the informant has struck with the State or by the informant's own self-interest in the outcome of the case or by prejudice against the Defendant.

■ We have previously expressed our reluctance to establish a categorical rule requiring that specific instructions be given when informants testify. *State v. Knight*, 161 N.H. 338, 343 (2011). As we have long

recognized, the trial judge is in the best position to determine whether a particular instruction should be given. *Id.*

Consistent with our established practice, we decline to adopt a rule that would require that a trial court instruct a jury that evidence of the convictions of a witness, other than the defendant, may be considered in assessing that witness's credibility. *Compare State v. Hebert*, 158 N.H. 306, 313 (2009) (because evidence of prior conviction is inherently prejudicial to defendant, trial court must give limiting instruction when it admits such evidence for impeachment purposes pursuant to Rule 609(a) unless defendant expressly waives his right to such instruction on the record). Indeed, it is difficult to conceive of another purpose for which the convictions might be admitted. As the United States Supreme Court has observed, "One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness." *Davis v. Alaska*, 415 U.S. 308, 316 (1974). Having reviewed in their entirety the instructions given by the trial court, we conclude that the court did not err when it declined to give a specific jury instruction that the witnesses' prior convictions were relevant to their credibility. Although a trial court may give such a limiting instruction, it is not required when the witness is not the defendant.

Finally, we caution that although a trial court may provide preliminary jury instructions on witness credibility, along with other preliminary instructions, it should provide the jury with all necessary instructions, including witness credibility instructions, in its final oral charge. Because the trial court in this case, however, provided the jury with written copies of its preliminary instructions, which included instructions on witness credibility, we conclude that the trial court's failure to include witness credibility instructions in its final charge does not warrant reversal.

*Affirmed.*

DALIANIS, C.J., and HICKS, LYNN and BASSETT, JJ., concurred.