# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0558, <u>State of New Hampshire v. Michael Cenat</u>, the court on August 24, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Michael Cenat, appeals his conviction for robbery, <u>see</u> RSA 636:1 (2016), following a jury trial.  He argues that the Superior Court (<u>Brown</u>, J.) erred in:  (1) denying his motion to continue; and (2) denying his requested jury instructions.

The defendant first argues that the trial court erred in denying his motion to continue the trial to allow him to consult with an identification expert.  The record shows that on the Friday before trial, defense counsel deposed one of the victims, who testified that two men were involved in the robbery, a "white guy" and a "black guy."  The witness testified that in a previous telephone conversation the prosecutor informed her that "Michael" was the "black guy."  Defense counsel asked the witness if she understood the prosecutor's statement to mean that the defendant was the "black guy" described in the police report of the robbery, and the witness responded affirmatively.

The witness explained that she asked "who was the black guy, because [she] didn't know his name," and that she "was asking if Michael . . . was the black guy or white guy" because the prosecutor had sent her an e-mail with the names of the defendant and his accomplice.

Before the start of trial, the defendant moved to continue, seeking additional time to allow him to consult with an identification expert.  On appeal, he argues that the prosecutor's communication with the witness, identifying the man described in the police report by name, introduced a "system variable" affecting the accuracy of the witness's identification, which could not be adequately addressed without an expert.  He argues that the trial court's denial of his request was an unsustainable exercise of discretion that violated his right to due process.  Because the defendant has not specifically invoked a provision of the State Constitution in his brief, we consider his claim only under the Federal Constitution.  See <u>State v. Oakes</u>, 161 N.H. 270, 285 (2010).

The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court. State v. Addison, 160 N.H. 792, 795 (2010). To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. State v. Lambert, 147 N.H. 295, 296 (2001). "There are no mechanical tests to determine when due process has been violated by the denial of a continuance, but in each case the totality of the circumstances must be considered." Addison, 160 N.H. at 795 (quotation omitted); Ungar v. Sarafite, 376 U.S. 575, 589 (1964).

In this case, the prosecutor did not provide the witness with any physical description of the defendant, and the witness was not asked at trial to identify the defendant by his name. Although the defendant argues that "[i]t is impossible to know exactly what testimony or evidence [he] would have sought to introduce without [the] benefit of consulting with an expert," we cannot conclude, based upon this record, that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case, see Lambert, 147 N.H. at 296, or that it violated the defendant's right to due process, see Addison, 160 N.H. at 795.

To the extent that the defendant argues that the court erred in failing to provide written reasons for its ruling, we conclude that the issue is not preserved. The record shows that the defendant did not propose specific findings in his motion to continue, and when the court ruled orally on his motion, he did not object to the lack of written findings. See State v. Mouser, 168 N.H. 19, 27 (2015) (trial court must have opportunity to consider any issues asserted by defendant on appeal).

The defendant next argues that the trial court erred in declining to give the jury his proposed eyewitness identification instruction. "Whether a particular jury instruction is necessary, and the scope and wording of jury instructions, are within the sound discretion of the trial court, and we review the trial court's decisions on these matters for an unsustainable exercise of discretion." State v. Sanborn, 168 N.H. 400, 420 (2015) (quotation omitted).

The trial court gave the jury the standard instruction similar to the instruction we approved in Addison. See Addison, 160 N.H. at 796-98. The defendant argues, however, that "research in the area of eyewitness testimony has significantly altered the understanding of the dangers of eyewitness identification testimony," and that his proposed instructions reflected conclusions drawn from such research regarding factors such as "weapons focus," "cross-racial identification," and the unreliability of a witness's confidence as an indicator of the identification's accuracy. The record fails to show that the defendant made these argument to the trial court. Assuming, without deciding, that these issues are preserved, the defendant has failed to show that such research conclusions have been accepted in this State or that

2

the instruction given was an incorrect statement of the law.  Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in rejecting the defendant's proposed instruction.  <u>See</u> <u>Sanborn</u>, 168 N.H. at 420.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**