# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0069, <u>UniFirst Corporation v. Daniel C. Cloutier, Jr. d/b/a Check Engine Services</u>, the court on September 15, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Daniel C. Cloutier, Jr. d/b/a Check Engine Services, appeals a default judgment issued by the Superior Court (<u>Colburn</u>, J.) in favor of the plaintiff, UniFirst Corporation, on its breach of contract claim. We construe the defendant's brief to argue that: (1) he was not properly served because the plaintiff's petition to confirm the arbitration award was delivered to his "former address where [he] no longer reside[s]"; (2) he was denied due process because he was not informed that he was required to appear on January 7, 2016, the date of the trial court's entry of final judgment, "to defend [his] position"; (3) he was not "given a fair chance to defend" himself; (4) the only copy of the contract he received had been altered as to price; (5) he did not intend to have his dispute with the plaintiff arbitrated, although the contract he signed required it; (6) the plaintiff's salesperson misrepresented the terms of the contract; (7) the contract was "one of adhesion"; (8) there is no evidence that he read or understood the terms of the contract; and (9) "[i]f [he] had understood the contract . . ., [he] would never have agreed to any such terms."

In this case, in accordance with the terms of the contract, the plaintiff sought arbitration of its claim. The arbitrator's award states that the defendant "failed to appear and . . . failed to submit documents after due notice by mail in accordance with the Rules." The return of service of the plaintiff's petition to confirm the arbitration award shows that the defendant was served at the mailing address listed with the Secretary of State for his business, which he listed as his address on his appearance.

On October 19, 2015, the trial court issued a notice of default, which stated that "[a] hearing as to final judgment shall be scheduled upon the request of any party." The defendant then filed an untimely appearance, on October 22, listing the same address as the return of service, but did not request a hearing or move to strike the default. <u>See</u> <u>Super. Ct. Civ. R.</u> 42(a) (stating default may be stricken only upon motion and affidavit of defenses). On October 30, the plaintiff's counsel e-mailed the defendant, at the address shown on his appearance, stating that counsel had tried unsuccessfully to reach the defendant

by phone and requesting the defendant to contact him to discuss the action. Counsel represents that the defendant did not respond.

On December 14, the plaintiff moved for entry of final judgment. Counsel certified that he had mailed a copy of the motion to the defendant at the address given on the defendant's appearance. The motion stated that: (1) the defendant could "file a written response to this motion within 10 days"; (2) the defendant could request a hearing; and (3) if the defendant did not respond, the trial court could issue a final judgment in the plaintiff's favor without a hearing. The record does not establish that the defendant responded in any way.

On January 7, 2016, the trial court issued a final judgment in favor of the plaintiff. The record does not reflect that the defendant moved for reconsideration.

We review a ruling on default under our unsustainable exercise of discretion standard. Douglas v. Douglas, 143 N.H. 419, 422 (1999). To show that the trial court's decision is not sustainable, the defendant must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of his case. State v. Lambert, 147 N.H. 295, 296 (2001). When we determine whether a ruling is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. Id.

We conclude that the defendant was adequately notified of the proceeding against him because he was served at the address that he listed on his appearance. See Super. Ct. Civ. R. 42(d) ("All notices under this rule shall be sufficient if mailed to the last known address of the defaulting party.") The record shows that he was afforded multiple opportunities to defend himself, but chose to avail himself of none.

Because the defendant's due process argument is undeveloped, we decline to address it. See State v. Chick, 141 N.H. 503, 504 (1996). Likewise, we decline to address the defendant's arguments concerning the validity of the contract because they were never presented to the trial court. See Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 69 (2012).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2