# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0539, <u>McCaffrey Professional Association v. McDowell & Osburn, P.A.</u>, the court on March 24, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, McCaffrey Professional Association, appeals an order of the Superior Court (<u>Wageling</u>, J.) dismissing its action against the defendant, McDowell & Osburn, P.A., for failure to post security for the defendant's costs as a condition of proceeding with the action. <u>See</u> <u>Super Ct. Civ. R.</u> 45 (governing taxation of costs). The plaintiff contends that the trial court: (1) lacked the authority pursuant to RSA 498:1 (2010) or Superior Court Civil Rule 49 to require it to post security; and (2) violated Part I, Article 14 of the New Hampshire Constitution by requiring it to post security.

We first address whether the trial court had authority to require the plaintiff to post security. We assume, without deciding, that this issue is preserved. We conclude that, even if the trial court lacked authority under Superior Court Civil Rule 49 to require security from the plaintiff, its general equitable powers under RSA 498:1 authorized such relief under the circumstances of this case.

The purpose of equity is to secure complete justice. <u>Chase v. Ameriquest Mortgage Co.</u>, 155 N.H. 19, 24 (2007). The court's broad and flexible equitable powers allow it to shape the precise relief to the requirements of the particular situation. <u>Id</u>. A court of equity will order to be done that which in fairness and good conscience ought to be done. <u>Id</u>.

The propriety of awarding equitable relief rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case. <u>Id</u>. We will uphold a trial court's equitable order unless it constitutes an unsustainable exercise of discretion. <u>Id</u>. When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are really deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). To show that the trial court's decision is not sustainable, the plaintiff must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of its case. <u>Id</u>.

The plaintiff identifies the merits of its claim against the defendant as a "key factor" in determining whether requiring security is equitable; it argues that its "case is meritorious." The fee agreement upon which the plaintiff's action rests was captioned "<u>CONTINGENT FEE AGREEMENT</u>," was signed by the clients and both firms, and provided that "the firms shall be paid a thirty-three and a third (33-1/3%) percent of the gross recovery, plus costs." The agreement further provided that the "law firms shall represent the [clients] with respect to" the accident, that "[i]f no recovery is obtained, the firms shall not be paid any fee," that the clients have been advised that they "may hire the law firms" on a per-hour basis, and that the clients have "declined to hire the firms on an hourly basis and desire to hire them on a contingent basis." Thus, the agreement contemplated that the plaintiff would be actively involved in representing the clients.

However, the plaintiff's sole attorney and shareholder, Brian McCaffrey, was suspended from the practice of law five months after the agreement was signed. The defendant represents, and the plaintiff does not challenge, that this was more than nine months before the complaint was filed in the clients' case and almost three years before the case was settled. Once McCaffrey was suspended, he could not work on the clients' case. <u>See</u> <u>Kalled v. Albee</u>, 142 N.H. 747, 751 (1998) (stating that from the time he was suspended, a lawyer could not have "<u>any</u> responsibility or risk" for a case). The plaintiff did not allege that McCaffrey actually worked on the case. On appeal, it argues only that he "was not suspended until . . . almost six months after this contract was signed, indicating he may have been involved in the work in this case."

The plaintiff argues that its claim rests on the fact that it "referred a lucrative personal injury lawsuit to the Defendant" and that the "custom and practice . . . between the Plaintiff and the Defendant was previously to provide the Plaintiff with one-third of the total recovery as a referral fee for a personal injury case." However, the contingent fee agreement does not mention a referral fee. If the agreement provided a "naked" referral fee, requiring no work from the plaintiff, this would have had to be made clear, in writing, to the clients. <u>N.H. R. Prof. Conduct</u> 1.5(f). Furthermore, a lawyer cannot share a fee with a non-lawyer, except under certain limited conditions not relevant here. <u>N.H. R. Prof. Conduct</u> 5.4(a); <u>cf</u>. <u>Kalled</u>, 142 N.H. at 751. If a contract cannot be performed in accordance with the disciplinary rules, performance may be excused as against public policy. <u>Kalled</u>, 142 N.H. at 750.

The plaintiff does not argue that the trial court was unreasonably concerned about its inability to satisfy the defendant's costs in the event the defendant won. The plaintiff acknowledges that it was administratively dissolved on September 4, 2012, more than a year before the clients' case was settled. The plaintiff's complaint lists only its "former" address. Furthermore, the plaintiff describes itself as having "only debts, not assets."

2

The plaintiff argues that "a bond for costs in the amount of $5,000 is excessive," that "there is no reason that an expert witness is required," and that, "even if an expert witness is required[,] this witness would only be compensated for preparation for trial and for actual testimony." However, the trial court could have reasonably concluded that a bond in the amount of $5,000 was warranted, especially in light of the defenses raised in the defendant's answer, including fraud in the inducement and misrepresentation by concealment.

To the extent that the plaintiff argues that requiring security was "tantamount to a $5,000 filing fee," we disagree. The plaintiff has not been denied access to the courts. Rather, it has contested this requirement in the trial court and this court. Cf. Boynton v. Figueroa, 154 N.H. 592, 609-10 (2006) (stating post-judgment bond to secure payment of judgment did not violate Part I, Article 14 of the State Constitution).

Accordingly, we conclude that the trial court reasonably determined, based upon the circumstances and exigencies of the case, that, in fairness and good conscience, the plaintiff should post security of $5,000 to cover the defendant's costs if the plaintiff lost its claim. See Chase, 155 N.H. at 24. To the extent that the plaintiff urges us to adopt standards to govern security for trial costs, the record does not reflect that it raised this issue to the trial court. See Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 69 (2012).

We next address the plaintiff's argument that it has no assets and, thus, requiring it to post security for costs violates Part I, Article 14 of the New Hampshire Constitution and its "right of access to the Courts." Cf. Lamarche v. McCarthy, 158 N.H. 197, 205 (2008) (stating that dismissing case because plaintiff failed to pay $50 fee for alternative dispute resolution would not be unconstitutional). The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal. Malborn Realty, 164 N.H. at 69. To satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Super. Ct. Civ. R. 12(e); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).

In this case, the plaintiff did not move for reconsideration of the trial court's order requiring it to post security. It did not argue that it had no assets with which to post security until two and a half months after the defendant's motion to require the security was granted. It did not raise its constitutional argument until its subsequent objection to the defendant's motion to dismiss, titled "Objection to Motion to Dismiss and Motion to Vacate the Order that It Post $5,000 in Security for Costs" (capitalization and underlining omitted), filed three months after the trial court's order requiring security. In its objection to the motion for security, the plaintiff argued merely that the amount of security that the defendant sought was unreasonable. It did not argue that requiring it to post security was a constitutional violation. Nor did it argue that it had no assets to

3

use for security, even though it had been dissolved over three and a half years prior to the motion.

Three months after the order requiring the plaintiff to post security, the trial court identified the motion to vacate as an untimely motion for reconsideration and refused to consider it. The plaintiff did not seek reconsideration of that order. Accordingly, we decline to consider the plaintiff's constitutional argument. See Malborn Realty, 164 N.H. at 69.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

4