# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0182, <u>Jason Cariker v. Robert Yovanov & a.</u>, the court on October 10, 2019, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The plaintiff, Jason Cariker, appeals an order of the Circuit Court (<u>Lyons</u>, J.) dismissing his small claim complaint against the defendants, Robert Yovanov and Cynthia Yovanov, and granting a default judgment on the defendants' counterclaim, based upon his failure to attend a pretrial hearing. <u>See</u> <u>Dist. Div. R.</u> 4.4(b). He argues that the trial court erred by not striking the default for good cause shown. <u>See</u> <u>id</u>.

We will not disturb the trial court's ruling on a motion seeking to strike a default judgment unless the trial court erred as a matter of law or unsustainably exercised its discretion. <u>In the Matter of Maynard & Maynard</u>, 155 N.H. 630, 633 (2007). To establish that the trial court unsustainably exercised its discretion, the plaintiff must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of his case. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001).

The record establishes that the plaintiff failed to attend a pretrial conference scheduled for November 20, 2018. Under District Division Rule 4.4(b), a party's failure to attend a pretrial hearing in a small claim case "shall result in a judgment in favor of the other party," and any default judgment entered as a result "shall not be stricken except upon a finding of good cause by the court." <u>Dist. Div. R.</u> 4.4(b). As a result of the plaintiff's failure to attend the pretrial conference, the trial court dismissed the plaintiff's claim and granted judgment of $1,445 in favor of the defendants on their counterclaim.

The plaintiff moved for reconsideration, stating that he had been "involuntarily hospitalized" on the day prior to the hearing, and that he "was not allowed to leave . . . the hospital" in time to attend the hearing. He made these statements with the representation that "[t]he information contained in this pleading is true to the best of my knowledge and belief," and with the "understand[ing] that making a false statement in this pleading may subject me to criminal penalties." He further indicated that a hospital record was attached to the motion. In his brief, however, the plaintiff states that the trial court would not accept the hospital record for filing because it was confidential.

Under the facts unique to this case, we conclude that the trial court erred.  District Division Rule 1.8(B) generally provides that in cases "other than small claims cases filed in district division locations in which the electronic filing pilot program has been implemented," the trial court will not hear any motion grounded upon facts that are neither apparent from the record nor agreed to by the parties unless those facts are verified by affidavit.  For small claims cases filed under the electronic filing pilot program, however, the rule does not require the filing of an affidavit to verify operative facts, but instead requires the moving party to "indicate[] in writing an understanding that making a false statement in the pleading may subject that party to criminal penalties."  Dist. Div. R. 1.8(B).  This case was filed under the electronic filing pilot program.  Accordingly, by representing that the facts in the motion, including his assertions that he had been involuntarily admitted to a hospital the day before the hearing and was not allowed to leave the hospital in time to attend the hearing, were true to the best of his knowledge and belief, and that he understood that he was subject to criminal penalties to the extent those statements were false, the plaintiff effectively submitted a verified pleading attesting to the truth of those facts.  Moreover, the defendants did not challenge these representations, and it is apparent that the plaintiff attempted, unsuccessfully, to submit a hospital record to corroborate them.  If the trial court questioned the veracity of the plaintiff's representations, it could have held a hearing on the motion.  Under these circumstances, we conclude that it was clearly untenable and unreasonable to the plaintiff's prejudice to deny the motion without a hearing.  We vacate the trial court's order, and remand for further proceedings consistent with this order.

Vacated and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2