# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0260, <u>Brent Tweed & a. v. Town of Nottingham & a.</u>, the court on December 23, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The appellant, Nottingham Water Alliance, Inc. (NWA), appeals orders of the Superior Court (<u>Delker</u> and <u>Honigberg</u>, JJ.) denying its motion and renewed motion to intervene in litigation concerning the validity of a municipal ordinance that it drafted, but allowing it to file a memorandum of law, as an <u>amicus</u> <u>curiae</u>, in support of the ordinance's validity. We affirm.

In denying NWA's motions, the trial court determined that NWA lacked a sufficiently direct and apparent interest in the case so as to entitle it to intervene. <u>See</u> <u>Lamarche v. McCarthy</u>, 158 N.H. 197, 200 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. To establish an unsustainable exercised of discretion, NWA must demonstrate that the ruling was clearly untenable or unreasonable to the prejudice of its case. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001).

As the appealing party, NWA has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned orders, NWA's challenges to them, the relevant law, and the record submitted on appeal, we conclude that NWA has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**