# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0362, <u>State of New Hampshire v. Tony Hebert</u>, the court on September 2, 2022, issued the following order:**

Having considered the briefs and oral arguments of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Tony Hebert, appeals an order of the Superior Court (<u>Nicolosi</u>, J.) denying his motion for earned time credit. <u>See</u> RSA 651-A:22-a (Supp. 2021). We vacate and remand.

The following facts relate the content of documents in the appellate record. In September 2013, the defendant was sentenced to 14 to 30 years for a manslaughter that he committed in 2011, less 790 days of credit for pretrial time served. One of the conditions of his prison sentence was that he was to "participate meaningfully and complete any counseling, treatment and educational programs as directed by the correctional authority or Probation/Parole Officer."

In January 2021, after he had served 2/3 of his minimum sentence, the defendant filed a motion to suspend the remaining 1/3 of that sentence. The State objected to the motion. In March 2021, the trial court denied it, explaining that, given the seriousness of the defendant's crime and the extent of harm he caused, "punishment and general deterrence" are "weightier factors than rehabilitation."

On April 1, 2021, the defendant filed a motion asking the trial court to allow the Commissioner of the Department of Corrections (Commissioner) to award him earned time credit. The State objected, arguing, in part, that the defendant was not entitled to earned time credit because he failed to establish that the Commissioner had recommended that he receive such credit. On April 16, the trial court denied the defendant's motion for the reasons stated in the State's objection.

In June, the defendant filed a motion to award him 240 days of earned time credit, as recommended by the Commissioner, for his completion of certain programs in prison. The State objected to this motion, and the trial court denied it without explanation. This appeal followed.

We review the trial court's discretionary decision to deny the defendant's motion for earned time credit under our unsustainable exercise of discretion standard. <u>See</u> <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001).

Although the trial court offered no rationale for its decision, the defendant posits that it "may have denied [his] motion for earned-time credit for the reasons stated in the State's objection," or it may have denied the motion "for the same reason it denied his motion to suspend one third of his sentence." At oral argument, the parties agreed that the trial court's failure to explain its reasoning makes it difficult to determine whether the court sustainably exercised its discretion and requires that we vacate the court's order and remand for the court to clarify.

Accordingly, we vacate the trial court's order and remand this case for the trial court to explain the basis for its ruling. On or before October 3, 2022, the trial court shall review the record and provide this court with the findings and rulings that support its conclusion. This court retains jurisdiction of the appeal.

So ordered.


HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.


**Timothy A. Gudas,
Clerk**

2