# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0074, <u>State of New Hampshire v. Joseph Grossi</u>, the court on May 8, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Joseph Grossi, appeals the order of the Superior Court (<u>Temple</u>, J.) that he be released from custody on his personal recognizance, subject to certain specified conditions, pending trial on the charges against him. <u>See</u> RSA 597:2, I(a), I(b), III(a) (Supp. 2022). We affirm.

"We review the trial court's decision under our unsustainable exercise of discretion standard." <u>State v. Spaulding</u>, 172 N.H. 205, 207-08 (2019); <u>see also</u> <u>Petition of Second Chance Bail Bonds</u>, 171 N.H. 807, 813 (2019) (observing that the trial court is vested with "broad" and "substantial discretion" in deciding matters related to bail and recognizances). In determining whether the trial court unsustainably exercised its discretion, we consider whether the record establishes an objective basis sufficient to sustain its discretionary judgment. <u>Spaulding</u>, 172 N.H. at 207-08. "To show that the trial court's decision is not sustainable, a party must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of that party's case." <u>Id</u>. at 208 (quotation and brackets omitted).

In this case, the defendant has been indicted by a grand jury on two counts of pattern aggravated felonious sexual assault, <u>see</u> RSA 632-A:2, III (2016), three counts of aggravated felonious sexual assault, <u>see</u> RSA 632-A:2, I(*l*) (Supp. 2022), and two counts of felonious sexual assault, <u>see</u> RSA 632-A:3, III(a)(1) (Supp. 2022). The charges all relate to the defendant's alleged repeated sexual abuse of his minor stepdaughter, who at the time of the alleged abuse — which is alleged to have occurred over a period of years — was under the age of 13.

At the defendant's bail hearing, the State did not oppose the defendant's release, but advocated for a condition prohibiting him from having contact with minor children. The defendant generally agreed to this condition, but asked that the court allow an exception with respect to his biological daughter, so that he could exercise the unsupervised parenting time previously awarded him by the circuit court family division. The State opposed such an exception, arguing that the defendant's biological daughter is nearing the age at which the defendant allegedly began abusing his stepdaughter, and, as a result of his access to her, the biological daughter would be similarly at risk. The State argued that, given

that the defendant had generally agreed to the no-contact condition with respect to any other minor child, it "[didn't] see a reason why we would exclude . . . the one person that he would have access to and opportunity to commit a similar type of crime [against] through a bail order."

Following the hearing, the trial court ordered that the defendant be released from custody on his personal recognizance. The court conditioned the defendant's release, in part, on him not having any intentional, non-incidental, unsupervised contact with minor children. However, with respect to his biological daughter, the court granted the defendant's request for an exception allowing him to exercise his parenting time under the existing parenting plan, but ordered that such parenting time be supervised by an adult family member.

On appeal, the defendant argues that the trial court unsustainably exercised its discretion by including the condition that his parenting time be supervised. He contends that the evidence was insufficient to support a finding that he posed a danger to his biological daughter. We disagree.[1]

Under RSA 597:2, "[t]he trial court has the discretion to decide whether a defendant is released on personal recognizance, released with conditions the judge determines, or is detained." Second Chance Bail Bonds, 171 N.H. at 813 (quotation omitted). "When considering whether to release or detain a person, the court shall consider," among other things, the "[s]afety of the public or the defendant," and "may order preventive detention without bail, or, in the alternative, may order restrictive conditions including but not limited to electronic monitoring and supervision, only if the court determines by clear and convincing evidence that release will endanger the safety of that person or the public." RSA 597:2, III(a). "In determining whether release will endanger the safety of that person or the public, the court may consider all relevant factors presented pursuant to paragraph IV." Id.

Here, the charged allegations of the defendant's repeated sexual abuse of a stepdaughter within his care, along with the evidence of his biological daughter's age and circumstances, support a finding, by clear and convincing evidence, that the bail condition imposed by the trial court, requiring that his parenting time be supervised by an adult family member, was reasonably necessary to ensure the safety of the biological daughter. See id.; Second Chance Bail Bonds, 171 N.H. at 813. Although the defendant emphasizes different facts and conflicting evidence, "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of the witnesses, and determining the weight to be given evidence." White v. State of N.H., 171 N.H. 326, 330-31 (2018) (observing also that it is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented). In other words, "[w]e do not decide whether we would have ruled differently than the trial court, but

_____

[1] We are unpersuaded by the State's position that the defendant's argument is not preserved.

2

rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." Id. at 330; see also Spaulding, 172 N.H. at 207-08; Second Chance Bail Bonds, 171 N.H. at 813.

Accordingly, because the record establishes an objective basis sufficient to sustain the trial court's discretionary decision to condition the defendant's release, in part, on his parenting time being supervised, we conclude that the defendant has failed to demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case, and, therefore, that the trial court did not unsustainably exercise its discretion. See Spaulding, 172 N.H. at 207-08; Second Chance Bail Bonds, 171 N.H. at 813; RSA 597:2, III(a).

Additionally, the defendant argues that the trial court erred by denying his motion for reconsideration because his motion set forth "new" facts and legal arguments. See N.H. R. Crim. P. 43(a). We can discern no error, however, because, to the extent that the motion raised "new" facts and arguments, the trial court would have been within its discretion to decline to address those facts and arguments because they could easily have been raised at an earlier time. See, e.g., Mt. Valley Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 654-55 (2000). Moreover, even assuming that the trial court did consider the "new" facts and arguments presented by the defendant, we conclude, based upon our review, that the trial court could reasonably have found them to be unpersuasive. See id. at 654 (explaining that "[w]e will uphold a trial court's decision on a motion for reconsideration absent an [unsustainable exercise] of discretion" (quotation omitted)); cf. State v. Lambert, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**