# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0443, <u>State of New Hampshire v. James D. Crawford</u>, the court on March 15, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  See <u>Sup. Ct. R.</u> 20(2).  The defendant, James D. Crawford, appeals his convictions following a jury trial for second degree assault, <u>see</u> RSA 631:2 (Supp. 2023); two counts of aggravated felonious sexual assault (use of force), <u>see</u> RSA 632-A:2, I (Supp. 2023); two counts of nonconsensual aggravated felonious sexual assault, <u>see</u> RSA 632-A:2, I(m) (Supp. 2023); two counts of aggravated felonious sexual assault on a household member, <u>see</u> RSA 632-A:2, I(j) (Supp. 2023); pattern aggravated felonious sexual assault, <u>see</u> RSA 632-A:2, III (2016); falsification of physical evidence, <u>see</u> RSA 641:6 (2016); two counts of witness tampering, <u>see</u> RSA 641:5 (2016); and resisting arrest, <u>see</u> RSA 642:2 (2016).  He argues that the trial court erred when it: (1) denied his motions to continue; and (2) granted the State's motion <u>in limine</u> to exclude evidence of an officer-involved shooting.  We affirm.

The defendant's convictions result from multiple physical and sexual assaults that he committed on a household member over a period of years.  We recite only such procedural history of the case and evidence as we deem necessary to address the issues that the defendant raises on appeal.

The defendant first argues that the trial court erred in denying motions to continue that he filed on June 15, 2021 and on July 6, 2021.  The decision whether to grant or deny a motion for a continuance is within the discretion of the trial court.  <u>State v. Czekalski</u>, 169 N.H. 732, 740 (2017).  Absent an unsustainable exercise of discretion, we will affirm that decision.  <u>Id.</u>; <u>see</u> <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

In his June 15, 2021 motion, the defendant requested that the trial be continued "to somewhere towards the spring of year 2022."  He averred that he was seeking funds to hire a private investigator to evaluate the case.  The Trial Court (<u>Ruoff</u>, J.) denied the motion in a detailed narrative order, finding that, in the 18 months that the case had been pending, the defendant had asserted his right to a speedy trial, had received discovery, and had two different attorneys and multiple hearings at which the trial court had explained the pretrial process to him.  The court also found: "At times he has refused to participate in

the process, attend hearings and work with his attorneys."

The court further observed that, at a May 25, 2021 hearing, the court had found the defendant competent to stand trial and "[a]ll parties re-affirmed the July 2021 jury trial date." We have not been provided with a transcript of that hearing. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (burden on appealing party to provide record sufficient to decide issues raised on appeal).

The defendant's July 6, 2021 motion requested a continuance so that he could hire an investigator to review the results of an investigation of a March 2021 officer-involved shooting and to obtain "other" exculpatory evidence. The Trial Court (Brown, J.) denied this motion at the July 13, 2021 pretrial hearing.

Having reviewed the record before us including the detailed trial court order, we conclude that the trial court's rulings were sustainable.

The defendant also argues that the Trial Court (Brown, J.) erred when it granted the State's motion in limine that asked the court to "[p]rohibit any inquiry into [a March 2021 officer-involved shooting] at trial with any witness." We review a trial court's ruling on the admissibility of evidence under our unsustainable exercise of discretion standard. State v. Dana, 175 N.H. 27, 32 (2022). Evidence is relevant if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." N.H. Rule of Ev. 401.

The defendant argued that the evidence was relevant because: (1) one of the charges that he was facing was resisting arrest; (2) the officer involved in the March 2021 shooting was one of the officers from whom he fled at the time of his attempted arrest; and (3) the officer's actions made him fear for his life. On appeal, the defendant argues that the evidence "was relevant to show the manner in which the trooper conducted himself during arrests, which in turn could explain the Defendant's reaction to being arrested by this officer."

The officer-involved shooting took place in March 2021. In January 2020, the defendant had been advised by his probation officer that a warrant had been issued for his arrest. The next day when several police officers, including the officer involved in the March 2021 shooting, stopped the truck that the defendant was riding in, the defendant exited the truck as requested and then fled. He was discovered running in the woods hours later by different officers and failed to obey their command to stop.

Based on the record before us, we conclude that the defendant has failed to establish that the trial court unsustainably exercised its discretion when it

2

prohibited inquiry into the March 2021 shooting, which occurred fourteen months after the defendant resisted arrest.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
