## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2023-0696, <u>Katherine Whybrow, as power of attorney and on behalf of M. Ruth Whybrow v. Thomas Chadwick & a.</u>, the court on October 29, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). Defendant Thomas Chadwick appeals the order of the Superior Court (<u>Bornstein</u>, J.), following a hearing, ordering him to pay $25,000 on or before December 1, 2023, and $11,327 per month on a $1,240,257 judgment in favor of the plaintiff, Katherine Whybrow, as power of attorney and on behalf of M. Ruth Whybrow. The defendant argues that the trial court erred in determining his income, liabilities, and ability to pay the $25,000 in a lump sum. We affirm.

We review a trial court's periodic payment order under our unsustainable exercise of discretion standard. <u>Am. Express Travel v. Moskoff</u>, 148 N.H. 446, 450 (2002). Under this standard, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). We will affirm the trial court's factual findings unless they are unsupported by the evidence and its legal rulings unless they are erroneous as a matter of law. <u>Kessler v. Gleich</u>, 156 N.H. 488, 491 (2007).

RSA 524:6-a, I (2021) provides that "[w]henever judgment is rendered against any person in this state, the court . . . may . . . order the defendant to make such periodic payments as the court in its discretion deems appropriate." "The judgment may be enforced against any property of any kind of the debtor, except such income and property as is now exempt from attachment or execution." <u>Id</u>.

The defendant first argues that, in determining his ability to make periodic payments, the trial court double counted his income. We disagree. The record shows that the defendant's income consists not only of salary income from a business he owns and another business by which he is employed, but that he also has access to his business's net profits, which exceed his salary income, and which he "accesses . . . to pay . . . his expenses." Although the defendant asserts that a court injunction limits his salary to $7,000 per month, he does not argue, nor does the record show, that any such injunction limits his access to the business's net profits to satisfy a judgment.

The defendant also argues that the trial court erroneously accounted for his imputed income for rent and transportation. We disagree. We construe the court's order, which lists the defendant's monthly expenses "excluding the imputed rent and company car," to properly recognize that the defendant has no expenses for rent and transportation because they are included in his compensation. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order presents a question of law for this court). Accordingly, we find no error in the trial court's determination of the defendant's income.

The defendant next argues that the trial court erroneously accounted for his liabilities. We disagree. Although the defendant asserts that the court did not fully account for a $150,000 debt to a former client, the court's order refers to "a $150,000 lien on the real estate to secure payment of a debt owed to [this] former client," and the court accounted for this lien in determining the defendant's equity in the real estate.

Finally, the defendant argues that there was no evidence that he could pay the plaintiff $25,000 by December 1, 2023, as the court ordered. The defendant admits that he owns commercial real estate with $265,000 in equity. He offers no reason why he is unable to pay the amount ordered from his available assets. Based upon this record, we conclude that the defendant has failed to demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. See State v. Lambert, 147 N.H. at 296.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2