**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0415, <u>State of New Hampshire v. Devin Irvine</u>, the court on May 26, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Devin Irvine, appeals his conviction of simple assault, <u>see</u> RSA 631:2-a, I(a) (2016), arguing that the Superior Court (<u>Ruoff</u>, J.) erred in preventing the jury from hearing a witness's testimony that supported his claim of self-defense.

The record shows that the State's first witness, the defendant's girlfriend at the time of the crime, testified in a manner that diverged from her prior statements regarding the defendant's conduct on the night of the crime.  During a recess, the court appointed a lawyer for her, and she invoked her Fifth Amendment privilege against self-incrimination as to any further testimony relating to the events of that night.  Consequently, the court struck her testimony in its entirety.

The defendant first argues that the trial court erred by striking the portion of the witness's testimony that supported his self-defense claim.  He argues that because his right to present all proofs favorable was at stake, <u>see</u> N.H. Const. pt. I, art. 15, the court should have exercised its discretion to retain the portion of testimony that was relevant to that claim.  However, the witness invoked the privilege before the State had an opportunity to test the truth of her testimony.  When presented with competing constitutional protections, the trial court must engage in "a delicate balancing, weighing the conflicting interests of the parties involved."  <u>State v. Donnelly</u>, 145 N.H. 562, 566 (2000).  Under these circumstances, we will not disturb the trial court's decision absent an unsustainable exercise of discretion.  <u>See</u> <u>id</u>.; <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

"[T]he State has the right to question the witness, and to attempt to impeach the witness's testimony that conflicts with the State's account of the same events."  <u>State v. Kuchman</u>, 168 N.H. 779, 793 (2016) (quotation and brackets omitted).  When "the witness by invoking the privilege precludes inquiry into the details of [her] direct testimony, there may be a substantial danger of prejudice because the [opposing party] is deprived of the right to test

the truth of [her] direct testimony and, therefore, that witness's testimony should be stricken in whole or in part." United States v. Nunez, 668 F.2d 1116, 1122 (10th Cir. 1981) (quotation omitted). In this case, the witness's invocation of the privilege precluded the State from questioning her regarding the details of her testimony. The unchallenged testimony related directly to the assault charge for which the defendant was convicted. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion by striking the witness's testimony in its entirety. See Donnelly, 145 N.H. at 566.

The defendant next argues that the trial court erred in finding that the witness properly invoked her Fifth Amendment privilege in response to the defendant's questions relevant to his self-defense claim. "Whether a witness' claim of the privilege is justified is a decision which rests within the trial court's exercise of sound discretion." DeMauro v. DeMauro, 142 N.H. 879, 883 (1998) (brackets and quotation omitted). The defendant argues that the four questions his counsel asked the witness to answer at the Richards hearing, see State v. Richards, 129 N.H. 669 (1987), did not have a tendency to subject her to prosecution because of their limited scope. However, "the privilege against self-incrimination applies not only to answers which would support a conviction, but also to those which would furnish a link in the chain of evidence needed to prosecute someone who claims the privilege." State v. Avery, 126 N.H. 208, 212 (1985) (brackets and quotation omitted). The questions related to the witness's presence at the crime scene, her observations of the physical contact between the defendant and the victim, and the nature of the disagreement that led to the fighting. Based upon this record, we conclude that the witness's responses to the defendant's questions, and the State's likely cross-examination, would have had a tendency to incriminate her. Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in finding that the witness properly invoked the privilege. See DeMauro, 142 N.H. at 883.

The defendant next argues that the trial court erred in striking the witness's testimony because the State could have exercised its power to grant the witness use immunity, and the court could have compelled her to testify. See RSA 516:34 (2007) (compelling evidence in criminal proceedings). However, the record shows that the State chose not to immunize the witness in part because of its concern that the immunity statute would not protect her from perjury. The defendant does not argue that due process compelled the State to immunize the witness. See State v. Blackmer, 149 N.H. 47, 49 (2003) (we confine our review to issues that the defendant has fully briefed). Accordingly, we find no error resulting from the State's decision not to immunize the witness.

Finally, the defendant argues that the trial court erred in finding that the witness had not waived her Fifth Amendment privilege by giving direct

2

testimony regarding the circumstances of the crime.  A court should only infer a waiver of the privilege from a witness's testimony if the jury would be left with a "distorted view of the truth," and the witness had reason to know that the testimony would be interpreted as a waiver.  <u>Klein v. Harris</u>, 667 F.2d 274, 287 (2d Cir. 1981).  In this case, the extent to which the witness's testimony directly conflicted with her prior statements remained unclear at the time she invoked the privilege.  The record fails to show that she had reason to know that her testimony would be interpreted as a waiver.  Accordingly, we cannot conclude that the court erred.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
