# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0488, <u>Brian L. Bilodeau & a. v. Elizabeth B. Cutting & a.</u>, the court on June 7, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Brian L. Bilodeau and Diane B. Colite, appeal an order of the Superior Court (<u>Ignatius</u>, J.), following a bench trial, allocating proceeds from the sale of property they had owned as tenants-in-common with the defendants, Elizabeth B. Cutting and Lynne M. Bilodeau, Trustee of the Lynne M. Bilodeau Trust. <u>See</u> RSA 547-C:29 (2007). The plaintiffs argue that, in allocating an enhanced share of the proceeds to them because the defendants "effectively precluded them in some circumstances from utilizing the [subject] property as a vacation home" over several years, the trial court erred by: (1) basing their enhanced share upon the amount that they had contributed to the property's expenses during the relevant period, <u>see</u> <u>Foley v. Wheelock</u>, 157 N.H. 329, 333-34 (2008) (upholding trial court's decision to reduce partitioning party's share of proceeds to compensate respondent for mortgage payments he made when his use of the property was inhibited), rather than considering the circumstances of the case in calculating their enhanced share; (2) not making findings of fact as to the value of their lost use of the property, and not basing the calculation of their share upon such value; and (3) allegedly contradicting a pretrial ruling by relying upon the plaintiffs' contributions to the property's expenses in calculating their share. As to the third argument, we note that, even if the final order contravened a pretrial ruling, any pretrial ruling was necessarily interlocutory, <u>see</u> <u>Goudreault v. Kleeman</u>, 158 N.H. 236, 249 (2009), and the record does not reflect that plaintiffs ever brought the alleged error to the trial court's attention in a motion for reconsideration, <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 678-79 (2002) (holding that challenge to trial court's use of a standard in final order that was different from the standard it had earlier announced that it would apply was not preserved because appellant did not raise issue in motion for reconsideration). Additionally, the plaintiffs argue that, in denying their request for attorney's fees, the trial court erred by: (1) not finding that, as a matter of law, the defendants' conduct amounted to "bad faith"; (2) not attributing to Cutting certain misstatements made by an attorney in the course of representing a trust estate of which Cutting was trustee; and (3) not ruling upon certain requested findings of fact relative to the defendants' alleged bad faith.

The trial court has broad discretion to fashion equitable relief in partitioning parties' interests in real property under RSA 547-C:29, see Brooks v. Allen, 168 N.H. 707, 711 (2016), and we reject the plaintiffs' argument that a nondiscretionary standard of review ought to apply under the facts of this case. Likewise, the trial court has broad discretion in ruling upon a request for an award of attorney's fees based upon a litigant's alleged bad faith. See Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 30 (2017). We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion. Id.; Brooks, 168 N.H. at 711. This standard of review requires a review of the record to determine solely whether it establishes a sufficient objective basis to sustain the trial court's discretionary judgments, and we will not overturn the trial court's rulings unless the plaintiffs demonstrate that such rulings were clearly untenable or unreasonable to the prejudice of their case. State v. Lambert, 147 N.H. 295, 296 (2001). The trial court is not required to address specifically-requested findings of fact or rulings of law so long as it issues a narrative order that explains its rulings and articulates the basic or essential facts supporting its rulings. Birch Broad. v. Capitol Broad. Corp., 161 N.H. 192, 201 (2010).

In this case, the trial court issued a thirty-three page narrative order explaining its rulings in detail, and containing extensive findings of fact in support of them. As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2